IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERIC D. KIRK, Jr., #M-02211,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**J. CAMPANELLA,** )<br>**ROBIN DILLON,** )<br>**and LARUE LOVE,** )<br>)<br>**Defendants.** ) | Case No. 16-cv-00225-JPG |

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff Eric Kirk, an inmate who is currently incarcerated at Vienna Correctional Center ("Vienna"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against three wardens at Vienna, including J. Campanella (chief administrative officer), Robin Dillon (assistant warden of programs), and Larue Love (assistant warden of operations). (Doc. 1). Plaintiff claims that the conditions in Vienna's Building #19 caused him to suffer serious injuries that remain untreated. (*Id*. at 6). In connection with these claims, he now sues the defendants for monetary damages. (*Id*. at 7).

This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

## The Complaint

In the complaint, Plaintiff alleges that he slipped in a puddle of water that pooled near his bed as a result of a leaky ceiling in Vienna's Building #19 on November 29, 2015. (Doc. 1, p. 6). He fell and suffered serious injuries to his neck, back, and groin. He was transported by ambulance to a local hospital for evaluation and treatment. (*Id*.).

According to his medical records, Plaintiff was diagnosed with swelling and pain. (Doc. 1-1, p. 13). He was given six different medications in the month following his fall, most of which were for pain. Even after the swelling subsided, however, the pain persisted. On January 7, 2016, Plaintiff complained of increasing pain in his groin, and the prison doctor recommended an ultrasound. (*Id*. at 16). No ultrasound was administered. (*Id*. at 14, 40). Plaintiff filed several grievances complaining of his increasing and untreated pain, to no avail. In connection with these events, Plaintiff now sues Wardens Campanella, Dillon, and Love. (Doc. 1, p. 7). He seeks monetary damages. (*Id*.).

## Merits Review Under 28 U.S.C. § 1915A

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* complaint into the following enumerated counts:

> **Count 1:** Defendants subjected Plaintiff to unconstitutional conditions of confinement in Building #19, in violation of the Eighth Amendment.
>
> **Count 2:** Defendants denied Plaintiff adequate medical care for the injuries he sustained to his neck, back, and groin after falling in a puddle of water in Building #19 on November 29, 2015, in violation of the Eighth Amendment.

As discussed in more detail below, **Count 1** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. However, the Court will allow Plaintiff to proceed with **Count 2** against Warden Campanella.

### Count 1 – Conditions of Confinement

The Eighth Amendment claim for unconstitutional conditions of confinement in **Count 1** does not survive screening. All Eighth Amendment claims have an objective and a subjective component. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The objective conditions must have resulted in an unquestioned and serious deprivation of basic human needs or deprived the inmate of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). Only "'extreme' deprivations [ ] make out a conditions-of-confinement claim.'" *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001) (quoting *Hudson v. McMillian*, 530 U.S. 1, 9 (1992)). A wet floor, even one that results from a leaky roof, does not violate the constitution. *See, e.g., Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in prison shower is not an "excessive risk to inmate health or safety"); *Bell v. Ward*, No. 03-2033, 2004 WL 260284 (7th Cir. Feb. 6, 2004) (accumulation of water on prison floor did not present a risk of serious injury); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment"). The objective component of this claim is not satisfied by the conditions described in the complaint.

The subjective component of this claim is also not satisfied. This component focuses on the state of mind of the defendant. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992); *Wilson*, 501 U.S. at 298; *McNeil*, 16 F.3d at 124. In conditions of confinement cases, this is deliberate indifference to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

This standard is satisfied when the plaintiff shows that prison officials, despite having knowledge of a substantial risk of serious harm, fail to "take reasonable measures to guarantee the safety of inmates." *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009).

In the context of claims against higher level prison officials, a prisoner may not "attribute any of his constitutional claims to higher officials by [relying on] the doctrine of *respondeat superior*," or supervisory liability. *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996). The prison official must actually participate in the constitutional deprivation. *Id.* At the same time, personal involvement of higher level officials, such as a warden, can be inferred where the complaint alleges "potentially systemic," as opposed to "clearly localized," constitutional deprivations. *See Smith v. Dart*, 803 F.3d 304, 309, n. 2 (7th Cir. 2015) (citing *Antonelli*, 81 F.3d at 1428-29).

The allegations simply do not suggest that the defendants knew about the leak or the puddle in Plaintiff's cell—either before or after his fall. Plaintiff does not allege that he complained about the conditions to a prison official, or that the defendants were generally aware of "potentially systemic" conditions. At best, the complaint suggests that the defendants were negligent in repairing a "clearly localized" condition, but negligence does not support a claim of deliberate indifference. *Daniels v. Williams*, 474 U.S. 327, 332 (1986); *Farmer*, 511 U.S. at 837. Accordingly, **Count 1** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Count 2 – Medical Care

The medical needs claim in **Count 2** shall also receive further review against Warden Campanella. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth

Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer*, 511 U.S. at 837; *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). Deliberate indifference involves a two-part test. The plaintiff must demonstrate that (1) the medical condition was objectively serious, and (2) state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). For screening purposes, Plaintiff's injuries, which include persistent and increasing pain, are serious enough to constitute a serious medical need. *See Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002). The question is whether any of the defendants responded to Plaintiff's medical need with deliberate indifference.

Plaintiff mentions his medical providers—as opposed to the named defendants—in connection with this claim. He cannot proceed against them. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

Among the named defendants, only Warden Campanella appeared to have any knowledge of Plaintiff's injuries and perceived inadequate medical care. Several grievances filed with the complaint were addressed to or by Warden Campanella. (Doc. 1-1, pp. 3, 16-17, 30-31). In them, Plaintiff describes his injuries, his ongoing medical problems, and his lack of adequate medical care. (*Id.*). Warden Campanella reviewed at least one emergency grievance and determined that it was not an emergency, despite Plaintiff's complaints of increasing and serious untreated pain. (Doc. 1-1, pp. 16-17). Given these communications with

Warden Campanella, the Court will allow Count 1 to proceed against this defendant. *Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (prisoner could only proceed with deliberate indifference claim against non-medical defendants who knew of plaintiff's serious medical condition and inadequate medical care through his "coherent and highly detailed grievances and other correspondences," but failed to intervene).  With that said, the Court takes no position regarding the ultimate merits or this claim, or whether Plaintiff exhausted his administrative remedies with respect to it.  Further, the allegations and exhibits do not mention the remaining defendants, and the complaint offers no factual basis to support a deliberate indifference claim against Wardens Dillon and Love.  Accordingly, **Count 2** shall receive further review against Warden Campanella and be dismissed without prejudice against Wardens Dillon and Love.

### Pending Motions

Plaintiff filed two Motions for Recruitment of Counsel (Docs. 3, 7), which shall be **REFERRED** to a United States Magistrate Judge for a decision.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted; **COUNT 2** is **DISMISSED** without prejudice against Defendants **DILLON** and **LOVE** for the same reason.  Further, Defendants **DILLON** and **LOVE** are **DISMISSED** without prejudice from this action.

**IT IS ORDERED** that as to **COUNT 2**, the Clerk of Court shall prepare for Defendant **J. CAMPANELLA**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of

Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on Plaintiff's Motions for Recruitment of Counsel (Docs. 3, 7).

Further, this entire matter is hereby **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 4, 2016**

> *s/J. Phil Gilbert*
> **United States District Judge**