IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC D. KIRK, JR., M02211, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-225-SMY-PMF |
| | ) |
| J. CAMPANELLA, ROBIN DILLSON, | ) |
| LARUE LOVE, and J. RAMAGE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Eric Kirk's Motion for Leave to File a First Amended Complaint (Doc. 19). Kirk, a prisoner at Vienna Correctional Center ("Vienna"), asserts that the Defendants violated his Eighth Amendment rights. Kirk filed his initial Complaint on March 2, 2016 (Doc. 1). On April 4, 2016, the Complaint was screened by Judge Gilbert pursuant to 28 U.S.C. § 1915A (Doc. 8). Judge Gilbert found that Kirk articulated the following claims:

> **Count 1:** Defendants Campanella, Dillson and Love subjected Kirk to unconstitutional conditions of confinement in Building #19, in violation of the Eighth Amendment.
>
> **Count 2:** Defendants Campanella, Dillson and Love denied Kirk adequate medical care for the injuries he sustained to his neck, back and groin after falling in a puddle of water in Building #19 on November 29, 2015 in violation of the Eighth Amendment.

Judge Gilbert dismissed Count 1 without prejudice and dismissed the claims in Count 2 against Defendants Dillson and Love without prejudice. The only claim that survived screening was Count 2 against Defendant Campanella.

Plaintiff now seeks leave to file an amended complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. Rule 15(a)(2) states that district courts "should freely give leave when justice so requires." The Supreme Court has held that leave to amend should

1

generally be granted in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party[.]" *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

Here, Kirk's proposed amended complaint would reinstate the previously dismissed claims, add new claims and add new defendants. Finding that justice so requires, Kirk's Motion for Leave to Amend is **GRANTED**. Kirk's Amended Complaint will now be screened pursuant to 28 U.S.C. § 1915A.

Kirk's proposed Amended Complaint includes the following claims:

**Count 1:** Defendants Campanella, Dillson and Love subjected Kirk to unconstitutional conditions of confinement in Building #19, in violation of the Eighth Amendment.

**Count 2:** Defendants Campanella, Dr. Apostal, Dr. Ritz, Dr. Vinyard and Wexford Healthcare Sources, Inc., denied Kirk adequate medical care for the injuries he sustained to his neck, back and groin after falling in a puddle of water in Building #19 on November 29, 2015 in violation of the Eighth Amendment.

**Count 3:** Retaliation claim against defendant J. Ramage for threatening to keep Kirk in the Vienna segregation unit unless Kirk withdrew his grievances.

Kirk's new claims will each be addressed in turn.

Kirk states that he is currently incarcerated at Vienna and the basis for Count 1 of his Amended Complaint is that he was subjected to unconstitutional conditions of confinement while housed in "Building 19." Kirk asserts that while living in Building 19, he was forced to live with standing water, a leaking roof, toxic mold in the bathroom, exposure to raw sewage and pest infestations. Kirk alleges that Warden J. Campanella, Assistant Warden of Programs Robin Dillson and Assistant Warden of Operations Larue Love failed to rectify these problems.

The Supreme Court has held that the Eighth Amendment entitles prisoners to "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.

Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994). Improper sanitation, inadequate shelter and severe pest infestations can all be objectively serious conditions that violate the Eighth Amendment. *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). Kirk shall therefore be allowed to proceed on Count 1 against Campanella, Dillson and Love.

Count 2 of Kirk's Amended Complaint sets forth an Eighth Amendment deliberate indifference to serious medical needs claim. On November 29, 2015 Kirk was housed in Building 19. Early that morning, Kirk left his bunk to use the restroom. As he proceeded to the restroom, Kirk slipped and fell on a pool of standing water. Kirk landed hard on the ground, injuring his neck and back. He was then transported to Heartland Regional Medical Center via ambulance. Kirk asserts that he received improper medical treatment when he returned back to Vienna and that Wexford Health Sources, Inc., Warden Campanella, Dr. Apostal, Dr. Ritz and Dr. Vinyard were deliberately indifferent to his injuries.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) (internal cite and quote omitted). However, Kirk provides very little factual support for these allegations. Although district courts are obligated to liberally construe *pro se* pleadings, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007), Kirk's deliberate indifference claims can best be described as threadbare. Following the Supreme Court's holdings in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), such bare bones assertions fail to satisfy the Rule 8(a)(2) "short and plaint statement" requirement. Kirk will still

be allowed to proceed against Defendant Campanella in Count 2, but Defendants Wexford Health Sources, Inc., Dr. Apostal, Dr. Ritz and Dr. Vinyard shall be dismissed without prejudice.

In Count 3, Kirk states that he was placed in the Vienna segregation unit. While there, Correctional Officer J. Ramage threatened to keep Kirk housed in segregation unless Kirk withdrew some of his prison grievances. Kirk asserts that Ramage's actions constituted unlawful retaliation. This is sufficient to state a First Amendment retaliation claim, See *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009), and Kirk shall be allowed to proceed on Count 3 against Defendant Ramage.

In sum, Kirk shall now proceed on his Amended Complaint with the following claims:

**Count 1:** Defendants Campanella, Dillson and Love subjected Kirk to unconstitutional conditions of confinement in Building #19, in violation of the Eighth Amendment.

**Count 2:** Defendants Campanella denied Kirk adequate medical care for the injuries he sustained to his neck, back and groin after falling in a puddle of water in Building #19 on November 29, 2015 in violation of the Eighth Amendment.

**Count 3:** Retaliation claim against defendant J. Ramage for threatening to keep Kirk in the Vienna segregation unit unless Kirk withdrew his grievances.

The Clerk shall file Kirk's Amended Complaint and provide the waiver of service of process forms to Defendants Dillson, Love and Ramage.

**IT IS SO ORDERED.**

**DATED: July 25, 2016**

                                            **s/ Staci M. Yandle**
                                            **STACI M. YANDLE**
                                            **United States District Judge**